UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT MITCHELL ANDERSON,

    Plaintiff,

v.                                              Case No. 8:06-cv-1852-T-24TBM

PASCO COUNTY SHERIFF'S OFFICE,
DETENTION BUREAU,

    Defendant.
_____/

## O R D E R

Pro se prisoner Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint alleging that he was not allowed to correspond with his girlfriend who is incarcerated in wing B500 of the Pasco County Jail at which Plaintiff is also incarcerated. Plaintiff seeks to have this Court order a federal investigation into the policies and procedures of the Pasco County Detention Bureau.

### DISCUSSION

A review of the complaint, the case law, and the applicable statutes demonstrates that, for the following reasons, Plaintiff's complaint must be **dismissed**. The response to Plaintiff's grievances related to this matter indicate that the correspondence was denied for security reasons. It appears that Plaintiff seeks to correspond with his girlfriend in contravention of the facility policy that all mail, other than legal mail, is opened and inspected for contraband.

Furthermore, Plaintiff is indigent, and under the Florida Model Jail Standards, (9.03)(g), adopted by all Florida jails in 1996, the jail is not required to provide Plaintiff with writing

materials and postage to correspond with anyone except his attorney, the court, and his immediate family (at reasonable intervals).

Finally, pursuant to Harris v. Garner, 216 F.3d 970 (11th Cir. 2000), Plaintiff's claim is barred by the Prison Litigation Reform Act (PLRA) section providing that no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, without a prior showing of physical injury. This section of the PLRA applies to all claims, including constitutional claims. See Civil Rights of Institutionalized Persons Act, § 7(e), 42 U.S.C.A. § 1997e(e).  Plaintiff has not alleged that he has suffered physical injury because of his inability to correspond with his girlfriend.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is denied.  Plaintiff is assessed the $350.00 filing fee.  The Clerk is directed to send a copy of this order to the Pasco County Sheriff's Office Detention Bureau.

ORDERED at Tampa, Florida, on October 12, 2006.

SUSAN C. BUCKLEW
United States District Judge

Scott M. Anderson